OPINION
Defendant-appellant, Jeffrey Panko, appeals a decision of the Brown County Court of Common Pleas, Juvenile Division, finding that he is a delinquent child for committing the rape of a child under the age of 13. We affirm the trial court's decision.
The victim, appellant's six-year-old half sister, reported the offense to her mother. Appellant, who was 13 at the time of the offense, was taken by his mother to the Brown County Department of Family Services to be questioned about the allegations. Investigator Barry Creighton spoke with appellant and his mother together and explained appellant's rights. Both appellant and his mother signed a form stating that they understood and waived their Miranda rights. Appellant's mother left the room and, in a taped statement, appellant admitted to the offense.
On July 21, 2000, appellant was charged with one count of rape of a child under 13 in violation of R.C. 2151.02 and R.C. 2907.02(A)(1)(b). On August 28, 2000, appellant filed a motion to suppress the statement he had given to Creighton. At a hearing on the motion, Creighton and appellant's mother testified regarding the circumstances leading up to appellant's confession. The court found that the statement was voluntarily given and overruled the motion to suppress.
At the December 5, 2000 adjudication hearing, appellant admitted to the offense. On January 31, 2001 the trial court held a dispositional hearing. Appellant, his mother, father, and appellant's counsel were all present. Discussion was held regarding whether residential sex offender facilities existed as an alternative to committing appellant to the Department of Youth Services (DYS). The trial court continued its decision on placement until alternatives to DYS could be explored. On March 8, 2001, the trial court issued an entry ordering that appellant be committed to DYS for a minimum of one year up to age 21 and that appellant receive sex offender treatment.
Appellant now appeals the trial court's order committing him to DYS and raises the following two assignments of error:
Assignment of Error No. 1:
 TRIAL COURT ERRED TO THE PREJUDICE OF THE DELINQUENT MINOR CHILD BY FAILING TO HAVE A DISPOSITIONAL HEARING AS REQUIRED BY RULE 34 OF THE OHIO RULES OF JUVENILE PROCEDURE.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING THE MOTION TO SUPPRESS.
 In his first assignment of error, appellant contends that the trial court violated his due process rights by failing to hold a formal dispositional hearing with himself and legal counsel present. He argues that the dispositional hearing was continued to a later date, and that the court entered a judgment entry without holding a further hearing on the matter. He argues that legal counsel and family were not given an opportunity to be heard in reference to appellant's ultimate disposition and that he was unable to impeach the credibility of prosecution witnesses by cross-examination.
 At the January 31 hearing, the trial court stated that there did not appear to be any alternatives to committing appellant to DYS. Counsel for appellant spoke of attempts to find a residential treatment center. Appellant's mother stated that she had called several places trying to find a residential treatment center that would accept appellant, but was unsuccessful. Appellant's father stated that he just wanted what was best for his son. Counsel for the prosecutor's office spoke in favor of DYS.
 After discussion of the various alternatives, the court stated that the probation officer recommended DYS. The court further stated that the psychological assessment recommended residential treatment, but, unless the parties could find a program or placement, DYS was the only alternative. The court indicated that it was continuing its decision until it could be determined if there were any other possible placements.
 Thus, contrary to appellant's arguments, the trial court did hold a dispositional hearing at which appellant's attorney and family members discussed his commitment to DYS and alternative placements. It was not necessary for the trial court to hold another hearing at which appellant was physically present to announce its decision. In re Kash, Warren App. No. CA2001-06-057, 2002-Ohio-1425, at ¶ 14. In addition, because appellant entered an admission to the offense, he waived any right to confront the witnesses against him. Juv.R. 29(D)(2).
 Appellant also contends that the trial court erred because a complete transcript was not made pursuant to Juv.R. 37. Appellant argues that because the court continued its determination and did not hold a further hearing, the January 31 hearing was not the complete dispositional hearing. As mentioned above, no further hearing was required for the court to render its decision. Because no hearing was required, no transcript was required. Kash, 2002-Ohio-1425, at ¶ 17-18. Appellant's first assignment of error is overruled.
 In his second assignment of error, appellant contends that the trial court erred by overruling the motion to suppress his confession. Appellant argues that when his mother asked what would happen to appellant if he answered questions, Creighton responded that appellant would get probation. Appellant contends that this was the only reason his mother allowed him to speak with the investigator. At the hearing, Creighton responded that he did not recall making such a statement. Appellant's mother also testified that her son has the mental age of nine.
 The state argues that because appellant admitted the offenses, he waived his right to challenge the evidentiary issues raised in the motion to suppress. While we have not previously addressed the issue of whether a juvenile offender who enters an admission to an offense waives any further challenges to the admissibility of evidence, after considering the issue, we agree with the state.
It has long been the rule that a guilty plea entered by an adult constitutes waiver of any alleged errors by the trial court in suppressing evidence. See, e.g., State v. Elliot (1993),86 Ohio App.3d 792, 795. In the context of determining whether a waiver was knowingly, voluntarily and intelligently made, courts have found that a juvenile admission under Juv.R. 29(D) is analogous to a guilty plea made by an adult pursuant to Crim.R. 11(C)(2). See, e.g., In re Jenkins
(1995), 101 Ohio App.3d 177, 179. In addition, a juvenile admission is analogous to a guilty plea in an adult case in that it acts as a waiver of the right to challenge the allegations and to confront witnesses. Inre Brooks (1996), 112 Ohio App.3d 54, 57. Juv.R. 29 requires the trial court to address the juvenile and determine that "[t]he party understands that by entering an admission, the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent and to introduce evidence at the adjudicatory hearing." Juv.R. 29(D)(2). Thus, we find that, like adult cases, this waiver encompasses the right to challenge evidentiary issues, including a motion to suppress, on appeal. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.